•           •           • 
 • • •





MEMORANDUM OPINION

Nos. 04-09-00664-CR & 04-09-00665-CR

Charles PENA,
Appellant

v.

The STATE of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court Nos. 292745 & 292744
Honorable Brenda Chapman, Judge Presiding
 
PER CURIAM
 
Sitting:            Catherine Stone, Chief Justice
Karen Angelini, Justice
                        Marialyn Barnard, Justice
 
Delivered and Filed: December 16, 2009 

DISMISSED FOR LACK OF JURISDICTION
 
            The trial court imposed sentence on August 5, 2009, and appellant did not file a timely
motion for new trial. The deadline for filing a notice of appeal was therefore due September 5, 2009.
See Tex. R. App. P. 26.2(a)(1). The notice of appeal was not filed until September 21, 2009, and the
clerk’s record shows the notice of appeal was not deposited in the mail before the last day for filing. 

In fact, the notice of appeal shows it was not completed until September 5, 2009, the day after it was
due. No motion for extension of time to file the notice of appeal was filed. See Tex. R. App. P. 26.3. 
            On November 3, 2009, we ordered appellant to show why this appeal should not be dismissed
for want of jurisdiction. On December 3, 2009, appellant filed a response in which he admits the
notice of appeal was untimely, and for the first time seeks an extension of time to file the notice of
appeal. A motion to extend time to file a notice of appeal must be filed in this court within fifteen
days after the deadline for filing the notice of appeal. Tex. R. App. P. 26.3. Here, the motion to
extend time to file the notice of appeal had to be filed on or before September 21, 2009, but was not
filed until December 3, 2009. See id. 
            Because neither the notice of appeal nor the motion to extend time to file the notice of appeal
was timely filed, we lack jurisdiction to entertain the appeal. See Olivo v. State, 918 S.W.2d 519,
522 (Tex. Crim. App. 1996); see also Ater v. Eighth Court of Appeals, 802 S.W.2d 241 (Tex. Crim.
App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of
Criminal Procedure governs out-of-time appeals from felony convictions); see also Tex. R. App. P.
26.3. Accordingly, we dismiss the motion for extension of time and the appeal for want of
jurisdiction. 
 
                                                                                    PER CURIAM
 
Do not publish